GUSTAVE NYLANDER AND MARGARET NYLANDER, HIS WIFE, PLAINTIFFS-RESPONDENTS, v. ROBERT H. ROGERS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 25, 1963—Decided April 4, 1963.

Before Judges GOLDMANN, FREUND and FOLEY.

Mr. *Robert W. Criscuolo* argued the cause for appellant (*Messrs. Parker, McCay & Criscuolo,* attorneys).

Mr. *Victor H. Miles* argued the cause for respondent Gustave Nylander.

The opinion of the court was delivered by

FOLEY, J. A. D. Defendant appeals from a judgment entered in the Law Division upon a jury verdict.

Plaintiffs were passengers in an automobile which was in collision with the automobile of defendant; both were severely injured. Margaret Nylander brought action to recover damages for her personal injuries; Gustave Nylander, in separate counts, sued to recover for his personal injuries and consequential damages he suffered as a result thereof, and *per quod*, on his wife's claim. The jury returned a verdict of $82,700 in favor of Margaret, and a verdict of $40,603.19 for her husband.

Defendant then moved for a new trial as to both plaintiffs setting out eight grounds. Upon the return of the motion defendant abandoned his attack on the verdict entered in favor of Margaret Nylander. As to the verdict for Gustave, defendant expressly withdrew the first seven of the grounds listed in his application for new trial, and relied solely upon a contention that the trial court erred in having "denied the application of defendant to instruct the jury to bring in two verdicts for plaintiff Gustave Nylander." The trial court denied the motion. Subsequently, the judgment in favor of Margaret was satisfied. The sole ground of this appeal iterates the alleged error above quoted.

It appears that defendant carried an automobile liability insurance policy with limits of $100,000/300,000, and that the trial judge became aware of this during one or more of the numerous settlement conferences which were held in the course of the seven-day trial. However, neither the policy

itself, nor a specimen of it, was before the trial judge prior to the motion for new trial, nor is it before us on this appeal.

We gather from a reading of the proceedings on the motion for new trial that it was alleged that one of the provisions of the policy was capable of an interpretation that so much of the verdict in favor of Gustave Nylander on his *per quod* claim as exceeds $100,000, when combined with the award to his wife, would not be covered by the policy.

At the outset, we note that although Gustave's losses resulting from his own personal injuries, and those which were consequential of his wife's personal injuries, were pleaded separately, historically, a single verdict embracing both elements of damage has been held sustainable. See *Dewar v. Ruehle,* 137 *N. J. L.* 304 (*Sup. Ct.* 1948). We find nothing in the Revised Rules implementing the Judicial Article of the 1948 *Constitution of New Jersey* in derogation of this basic concept. However, *R. R.* 4:50-1 does provide for special verdicts:

"The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. * * *"

Defendant argues that if the trial judge had charged the jury to bring in separate verdicts for Gustave—one representing damages for his personal injuries and the consequences of the same, and another for the damages he sustained as the result of his wife's personal injuries—the extent of liability of the insurance company would have been readily ascertainable, providing, of course, that defendant's interpretation of the policy, as related above, is correct. No doubt this is so.

■ The use of a special verdict lies within the trial court's discretion. *Board of Education, Asbury Park v. Hoek,* 66 *N. J. Super.* 231, 236 (*App. Div.* 1961), reversed on other grounds 38 *N. J.* 213 (1962). We construe the rule to mean that it may be invoked by the trial court *sua sponte,* or that a *request* for a special verdict may be addressed to the discretion of the court, by any party to the action. However, we do not interpret the rule to *require* the trial court to order a special verdict when none has been formally requested by any party.

The factual complex in which the trial court acted follows: On the day prior to that on which the case was submitted to the jury, counsel conferred with the judge in his chambers for the purpose of stipulating certain items of out-of-pocket damages. This concluded, the court asked if there was "anything else as far as the stipulation is concerned that any of you desire on the record?" The attorney for the defendant then replied:

"Judge, there has been some *suggestion here* that we should have three verdicts, namely, that there should be a separate verdict to Mr. Nylander for his pain and suffering, his personal medical expenses and his property damage, being matters of damage in his own right, and his loss of wages as well; and that there should be a second verdict which incorporates the matter of his expenses for his wife both present and future, his loss of consortium.

I felt that such a verdict would be helpful to certain aspects of the defendant's position, but I understand that Your Honor feels that that course should not be followed." (Emphasis added.)

The court then said:

"I asked counsel, when it was brought to my attention, I believe within the last day or two, that that suggestion may be made by one of the attorneys what the attitude of all cousel was. I knew of no case that had been decided. I asked the attorneys whether or not they all would agree that the Court request the jury to return three separate verdicts.

My recollection is that Mr. Miles and Mr. Parker were here when we had that conversation. There has been no actual case brought to my attention to justify the three separate verdicts. The Court, therefore, will use his own judgment—may I say that this is the first time that I have been confronted with this situation, no case has

been presented to me by counsel as to the propriety of three verdicts —my ruling therefore is that the jury will be instructed to return two verdicts in the case. Those verdicts, of course, will be separate verdicts; one for Margaret Nylander as plaintiff and one separate verdict for Gustave Nylander as plaintiff, and I will so charge.

At the end of the Court's charge you may place in the record any objections to it.

Is there anything any of you wanted to argue further on this point?

MR. LEVINSON: No.

MR. PARKER: No."

■ In our view the "suggestion" (probably made by defendant's attorney, although the record on this point is not clear) cannot be equated to a "request" for a special verdict. Had the special verdict been ordered by the judge, his directive would have become a part of his charge.

Defendant argues that a request for a special verdict is not an "instruction" on the law, in the ordinary sense, and so is not subject to the requirements of $R. R. 4:52-1$. We need not pass on this contention since the fact remains that defendant's attorney did not at any time formally request, either orally or in writing, that such action be taken. Moreover, when the court announced the course it intended to pursue with respect to the suggestion, no objection was entered upon the record by the attorney, nor did he attempt to dissuade the court from taking such course, despite the fact that the court invited further argument on the subject. Lastly, no objection to the court's failure to direct the jury to find specially was made at the conclusion of the charge.

The dilemma in which defendant presently finds himself is entirely of his own making, and we will not permit the trial judge to be held accountable for it in any degree. Had the reasons for a special verdict been fully exposed to the judge, demand for same been formally and resolutely made by the attorney, and the judge then refused to grant the request, occasion might have arisen for us to weigh the soundness of the exercise of judicial discretion. But, as we have noted, such is not the case.

Affirmed.